# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 20-2036V

| | |
|---|---|
| DEE WHARTON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 3, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Lauren Kells, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2020, Dee Wharton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following receipt of an influenza vaccine's administration on October 15, 2019. Petition, ECF No. 1. On October 19, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,528.12 (representing $37,126.15 in fees plus $2,401.97 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 11, 2024, ECF No. 56. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred $75.95 in personal out-of-pocket expenses. ECF No. 57.

Respondent reacted to the motion on April 25, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 58. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested for all work performed in this matter through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be adopted herein. Petitioner has also requested the hourly rate of $525 for 2024 work performed by attorney Ronald Homer, representing a rate increase of $25 from the previous year. Additionally, Petitioner requests the hourly rate of $500 for 2024 work performed by attorney Christina Ciampolilo, representing a rate increase of $30 from the previous year. ECF No. 56 at 25. I find the requested hourly rates to be reasonable and will award them herein.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 30-60. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Accordingly, Petitioner is awarded the total amount of $39,604.07**[3] **as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $39,528.12, representing reimbursement for fees plus costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer; and**

- **A lump sum of $75.95, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.